IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

NOV 12 2004

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                         )<br>                      Plaintiff,              )<br>                                                         )<br> vs.                                                   )<br>                                                         )    Criminal No.  04-30132-DRH<br> TBC PRODUCTS INC., formerly      )<br> McKESSON MEDICAL-SURGICAL )<br> TBC INC.                                         )<br>                                                         )<br>                      Defendant.           ) | |

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, and Andrew J. Lay, Assistant United States Attorney for the Southern District of Illinois, and Defendant TBC Products Inc., formerly McKesson Medical-Surgical TBC Inc. ("TBC"), by and through its attorney Jeffrey R. Chanin of Keker & Van Nest, hereby notify the Court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(c)(1)(c) has been negotiated and entered into:

1.   TBC agrees to plead guilty through an authorized representative to Counts One through Eight of the Information alleging endeavors to obstruct a federal audit in violation of 18 U.S.C. § 1516(a). The Stipulation of Facts underlying this plea is attached hereto and incorporated herein as Exhibit A. TBC is a wholly owned subsidiary of McKesson Medical-Surgical Minnesota, Inc. ("McKesson Minnesota"). McKesson Minnesota is a wholly owned subsidiary of McKesson Corporation ("McKesson"), a corporation publicly traded on the New York Stock Exchange, with a principal place of business in San Francisco, California.

2.      The Information charges TBC in Counts 1-8 with violations of Title 18, United States Code, Section 1516(a), which statute carries a maximum penalty of 5 years probation, or a criminal fine of $500,000, or both. TBC is alternatively liable for a fine under Title 18, United States Code, Section 3571(d), which states:

> If (the defendant) derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

3.      TBC agrees to plead guilty to Counts 1-8 of the Information and pursuant to the Stipulation of Facts, TBC admits that it intentionally committed or caused to be committed, along with others, the crimes charged in Counts 1-8 of the Information, and that sufficient evidence exists to prove beyond a reasonable doubt: (1) all of the elements of the offense, and; (2) support and allow the recommended sentence and fine herein.

4.      Sentencing Guidelines

The United States and TBC agree that the following provisions of the United States Sentencing Guidelines ("U.S.S.G.") apply to sentencing TBC with respect to Counts 1-8 of the Information. Pursuant to U.S.S.G. § 1B1.11(a), the Parties agree that the effective date of the applicable Sentencing Guidelines is November 1, 2000.

(a)     Pursuant to U.S.S.G. § 8C2.4(c) and 18 U.S.C. § 3571(d), determining and imposing a fine equal to the "pecuniary loss" or "pecuniary gain" derived or resulting from the offenses would unduly complicate or prolong the sentencing process.

(b)     Pursuant to Fed. R. Crim. Proc. 11(c)(1)(C), the applicable guideline for Counts 1-8 of the Information is U.S.S.G. § 2J1.2. Because U.S.S.G. § 2J1.2.is not listed in U.S.S.G. § 8C2.1(a), U.S.S.G. § 8C2.10 is applicable. Pursuant to U.S.S.G. § 8C2.10 and 18

U.S.C. §§ 3553, 3572, and 3571(c)(3), the Parties stipulate, recommend, and agree that a fine of $500,000 per count is appropriate, for a total fine of $4,000,000.

(c)     The Parties agree that there is no basis for a departure under the Sentencing Guidelines, either upward or downward, unless the Court finds that it needs to make an upward departure to impose a $4,000,000 fine, in which case the Parties agree to such a departure solely for that purpose.

5.     The United States and TBC agree to recommend to the Court that a proper disposition of this matter is:

(a)     the imposition of a criminal fine against TBC in the amount of Four Million Dollars ($4,000,000), the payment of which is guaranteed by the parent corporation McKesson Minnesota, and which is due and payable upon sentencing, as further set forth in the Cooperation and Guarantee Agreement, attached and incorporated herein by reference as Exhibit B;

(b)     TBC also agrees to of the per count assessment of $400 as required by 18 U.S.C. § 3013(a)(2)(B); and,

(c)     A period of five years probation for TBC.

In light of the Civil Settlement Agreement that has been reached between TBC, McKesson Minnesota, and the United States, which is attached hereto as Ex.C and incorporated herein by reference, the parties agree that the complication and prolongation of the sentencing process that would result from an attempt to fashion a proper restitution order outweighs the need to provide restitution this case. *See* 18 U.S.C. § 3663(a)(1)(B)(ii). Therefore, the United States will not seek a separate restitution order as part of this Plea Agreement, and the Parties agree that the appropriate disposition of this case does not include a criminal restitution order.

3

TBC affirmatively states that it has sufficient assets to pay the entire criminal fine, and it has obtained and received the approval of its Board of Directors to pay the subject criminal fine, pursuant to the commitments set forth in Ex. B hereto.

6. Provided the sentence imposed in this case does not exceed the recommendation set forth in paragraphs 4 and 5 herein, in exchange for the concessions made in this Plea Agreement, TBC waives its right to appeal the sentence imposed, to challenge that sentence in any collateral proceeding, or to challenge the Government's discretionary ability to choose to file or not file a motion under Rule 35 of the Federal Rules of Criminal Procedure. The Defendant waives any challenges to the constitutionality of the United States Sentencing Guidelines as applied in this case. The Defendant waives any right to have any or all of the facts that determine the fine and sentence be alleged in an Indictment or Information or be found by a jury beyond a reasonable doubt.

7. Conditioned on TBC's material compliance with all terms of this Plea Agreement, except for the criminal Information filed against TBC, the United States Attorney's Office for the Southern District of Illinois agrees that it will not prosecute TBC, McKesson Minnesota, McKesson, or any of their direct or indirect subsidiaries, officers, directors, or employees for any criminal offenses regarding any matter investigated by the United States Attorney's Office for the Southern District of Illinois as part of Operation Headwaters known to it before the date that this Plea Agreement was executed by the United States Attorney's Office for the Southern District of Illinois, except that no release whatsoever is provided by this Plea Agreement for: (1) any individual employee who has already been indicted or received a target or subject letter by the date this Plea Agreement was executed by the United States Attorney's Office for the Southern District of Illinois, or; (2) any individual employee who is later indicted for perjury, obstruction

4

of justice, making false statements, or witness tampering for conduct occurring during the course of related legal proceedings brought by the United States Attorney's Office for the Southern District of Illinois. The United States Attorney's Office for the Southern District of Illinois will comply with U.S.A.M. Policy 9-2.031. The United States Attorney's Office for the Southern District of Illinois is not aware of any investigation by the Federal Bureau of Investigation or any other government agencies regarding the matters discussed in the Information and Stipulation of Facts. If the United States Attorney's Office for the Southern District of Illinois becomes aware of any such investigation, then it agrees to bring this Plea Agreement and the full extent of the defendant's cooperation to the attention of those responsible for the investigation. The United States reserves the right to pursue all pending criminal charges against any individual who previously had been indicted in the Southern District of Illinois before the date of the execution of this Plea Agreement by the parties. However, this Plea Agreement cannot and does not bind the Tax Division of the U.S. Department of Justice, the Internal Revenue Service of the U.S. Department of the Treasury, or any other federal, state, or local prosecuting authorities.

8. Defendant TBC and McKesson-Minnesota shall cooperate fully with the United States in connection with the Government's ongoing investigation and prosecution of others for alleged violations of federal criminal and civil law uncovered in the course of Operation Headwaters as provided in Ex. B hereto.

9. The United States will inform the Court of the extent of TBC's cooperation; however, TBC understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that except as provided under Rule 11(d)(2)(A)-(B), it will not be able to withdraw its plea of guilty, once entered.

5

10. Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations, and conditions. TBC shall provide to the United States and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that the Board of Directors of TBC has given it signatory authority to enter into the Plea Agreement on behalf of TBC and that it has done the following:

(a) consulted with legal counsel in connection with this matter;

(b) voted to authorize TBC to plead guilty to the charge specified in the Plea Agreement; and

(c) voted to authorize a corporate representative to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement. TBC further agrees that a duly authorized corporate officer and/or representative will appear on behalf of TBC and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors of TBC approving this Plea Agreement is attached hereto as Exhibit D.

11. In conjunction with the provisions of paragraphs 7 and 8 above, TBC agrees and acknowledges that if TBC fails to comply with the material terms of this Plea Agreement, then the United States may, at its sole discretion, be completely released from its commitments arising from this agreement. Defendant TBC understands and agrees that if TBC, through its officers, senior managers and/or directors, commits any offense in violation of federal or state law or violates any term or condition of this Plea Agreement during the period of probation specified in paragraph 5(c), then the Government is not bound by the provisions in this Plea Agreement and may request that the Court impose on TBC, any penalty allowable by law, including the filing of additional charges, in addition to any sanctions that may be imposed

for violation of the Court's order setting the conditions of probation. It is further understood that no action taken by the Government, pursuant to this paragraph will be grounds for TBC to withdraw its plea.

12. Defendant TBC acknowledges that it has been advised and does fully understand the following:

   (a) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   (b) that TBC has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and examine witnesses against it;

   (c) that if TBC pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial; and,

   (d) that if TBC pleads guilty, the Court may ask its representatives questions about the offense to which it has pleaded, and if it answers falsely these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it or its representatives in a prosecution for perjury or false statement; and,

   (e) that if TBC pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and examine witnesses against it at trial.

13. TBC agrees that this Plea Agreement (with attachments) and Stipulation of Facts constitute the entire agreement between TBC, McKesson Minnesota, and the United States Attorney's Office for the Southern District of Illinois and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce Defendant to enter into this Plea Agreement.

16. This Plea Agreement may be executed in more than one counterpart, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

17. This Plea Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

18. No additional promises, agreements, or conditions other than those referenced in this Plea Agreement will be entered unless in writing and signed by all parties.

SO AGREED,

_____ 11/10/04
TBC PRODUCTS INC.
formerly McKESSON MEDICAL SURGICAL TBC Inc.
Defendant, through its corporate representative

_____
JEFFREY R. CHANIN
KEKER & VAN NEST
Attorneys for Defendant

Date: 11/12/04

RONALD J. TENPAS
United States Attorney
Southern District of Illinois

_____
ANDREW J. LAY
Assistant United States Attorney
Southern District of Illinois

Date: 11/12/04

8